UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD LOUIS GAHR,

    Petitioner,

v.

ERIC ARNOLD, Warden,

    Respondent.

Case No. 15-cv-00407-HSG (PR)

**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

Re: Dkt. No. 4

## INTRODUCTION

Petitioner, an inmate at California State Prison–Solano, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner seeks leave to proceed *in forma pauperis*.

## BACKGROUND

The petition and attachments thereto provide the following information: Petitioner was convicted in Contra Costa County Superior Court of second degree murder and personal use of a firearm. He was sentenced in December 1992 to 19 years to life in state prison. His petition does not challenge the conviction or sentence imposed but instead challenges the decision of the Board of Parole Hearings ("BPH") to deny him parole at an April 4, 2012 parole suitability hearing. Petitioner alleges that all grounds for relief have been presented to the highest state court having jurisdiction.

**DISCUSSION**

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.     Claims**

The petition alleges three claims: (1) petitioner was denied his right to due process because the evidence was insufficient to support the denial of parole; (2) the BPH's use of Marsy's Law to set his next parole hearing in three years violated his rights under the Ex Post Facto Clause because Marsy's Law was enacted after his crimes were committed; (3) the BPH's use of Marsy's Law requires petitioner to serve a disproportionate sentence.

Petitioner's due process allegations fail to state a federal constitutional claim. For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *See id.* Petitioner does not dispute that he received an opportunity to be heard and a statement of the reasons parole was denied. "The Constitution does not require more." *Id*. Petitioner's lengthy arguments about the requirements of state law are irrelevant because, as *Cooke* explained, federal habeas relief is not available for state law errors. *See id*. at 861-62. Accordingly, this claim is DISMISSED.

Petitioner's second claim is that the three year parole denial under Marsy's Law violated

1  his right to be free from Ex Post Facto laws.  Marsy's Law increased the minimum deferral period
2  between parole hearings from one to three years, and the maximum deferral period from five to
3  fifteen years.  *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1104 (9th Cir. 2011).  Advance hearings
4  can be held by the BPH sua sponte, or at the request of a prisoner, though the inmate is limited to
5  one such request every three years.  *Id.* at 1105.[1]  Liberally construed, petitioner's Ex Post Facto
6  claim appears minimally cognizable under § 2254 and merits an answer from respondent.  *See*
7  *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions
8  for writs of habeas corpus liberally).  *But cf. Gilman*, 638 F.3d at 1111 (reversing preliminary
9  injunction against application of Marsy's Law on ground that plaintiffs were not "likely to succeed
10 on the merits of their ex post facto claim").[2]

11       With respect to the third claim, petitioner's arguments about the disproportionality of his
12 sentence, as a result of Marsy's Law, appear to implicate the Eighth Amendment right to be free
13 from cruel and unusual punishment.  Petitioner does not refer to the Eighth Amendment and does
14 not state that he ever presented an Eighth Amendment cruel and unusual punishment claim to the
15 California Supreme Court to exhaust it.  Regardless of whether state court remedies were
16 exhausted for the claim, the claim must be rejected here.  Only extreme sentences "that are grossly
17 disproportionate to the crime" may possibly violate the Eighth Amendment.  *Graham v. Florida*,
18 560 U.S. 48, 59-60 (2010).  Indeed, Supreme Court authority makes clear that life without the
19 possibility of parole as punishment for murder does not violate the Eighth Amendment's
20 prohibition of cruel and unusual punishment.  *See, e.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 961-
21 62 (1991) (upholding against an Eighth Amendment challenge a mandatory life sentence without
22 the possibility of parole upon conviction for possession of 672 grams of cocaine without
23 consideration of mitigating factors).  "Under *Harmelin*, it is clear that a mandatory life sentence

---

[1] Marsy's Law is codified at California Penal Code, § 3041.5(b)(3).

[2] In *Burnight v. Swarthout*, Case No. 11-16062 (9th Cir.), the Ninth Circuit Court of Appeals granted a certificate of appealability on the issue of whether appellant's Ex Post Facto challenge to the application of Marsy's Law is cognizable in a federal habeas proceeding.  After oral argument, on April 30, 2015, the Ninth Circuit dismissed the appeal as moot because appellant had been released from prison.

3

1   for murder does not constitute cruel and unusual punishment." *United States v. LaFleur*, 971 F.2d
2   200, 211 (9th Cir. 1992). *See also Lockyer v. Andrade*, 538 U.S. 63, 66, 77 (2003) (upholding
3   sentence of two consecutive terms of 25-years-to-life for recidivist convicted most recently of two
4   counts of petty theft with a prior conviction). Accordingly, this claim is DISMISSED.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

1. Petitioner's *in forma pauperis* application (Dkt. 4) is GRANTED.

2. The Ex Post Facto claim in the petition warrants a response. All other claims are dismissed.

3. The Clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

4. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty-five (35) days** of the date the answer is filed.

5. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

      7.     Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Docket No. 4.

**IT IS SO ORDERED.**

Dated: 5/11/2015

*[signature: Haywood S. Gilliam Jr.]*
HAYWOOD S. GILLIAM, JR.
United States District Judge