UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS GAHR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERIC ARNOLD,<br><br>　　　　Defendant. | Case No. 15-cv-00407-HSG<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner has filed this *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, this petition will be DISMISSED as moot.

**DISCUSSION**

**I.    Background**

In December 1992, a Contra Costa County jury found Petitioner guilty of second-degree murder, Cal. Penal Code § 187(a) (1992), and found true a firearm enhancement, Cal. Penal Code § 12022.5(a) (1992). Docket No. 1 ("Pet.") at 1. Petitioner was sentenced to a term of nineteen-years-to-life. *Id.*

On April 4, 2012, Petitioner had his third parole hearing before the Board of Parole Hearings ("BPH"). *See* Pet. at 18.[1] The BPH found Petitioner unsuitable for parole, and deferred his next parole consideration for three years pursuant to Marsy's Law[2] (also referred to as Proposition 9). *See* Docket No. 1-1 at 115.

---

[1] In citing to the petition, the Court cites to the page numbers assigned by the Court's electronic docketing system, which are found on the upper right-hand corner of each page.
[2] Marsy's Law increased the minimum deferral period between parole hearings from one to three years, and the maximum deferral period from five to fifteen years. *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1104 (9th Cir. 2011). Marsy's Law is codified at section 3041.5(b)(3) of the California Penal Code.

On January 28, 2015, Petitioner commenced the instant action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] *See* Pet. At the time of filing, Petitioner was incarcerated at California State Prison – Solano, in Vacaville, California. *Id.* at 1.

On March 3, 2015, Petitioner was granted parole at his parole consideration hearing. *See* Docket No. 8 at 2 n. 2.

On May 11, 2015, the Court found that, liberally construed, the petition stated a cognizable claim that the BPH's use of Marsy's Law to set Petitioner's next parole hearing in three years violated his rights under the Ex Post Facto Clause. *See* Docket No. 7 at 2–3.[4]

On June 23, 2015, Respondent moved to dismiss the petition on the grounds that it is untimely, that Petitioner is a class member in *Gilman v. Brown, et al.* (Case Nos. 14-15614, 14-15680) where the same Ex Post Facto claim is on review in the U.S. Court of Appeals for the Ninth Circuit;[5] and that Petitioner's claim is outside the scope of habeas corpus because prevailing on the claim would not necessarily accelerate Petitioner's release from prison. *See* Docket No. 8. Petitioner filed an opposition on July 20, 2015, *see* Docket No. 9, and Respondent filed a reply on July 27, 2015, *see* Docket No. 10.

On August 4, 2015, Petitioner was released from prison, and he is currently on parole. *See* Docket No. 11 at 3.

//

//

---

[3] Petitioner initially, and correctly, named Eric Arnold, the warden of California State Prison – Solano, as the respondent in this action. Because Petitioner has since been released on parole, Scott Kernan, the Secretary of California's Department of Corrections and Rehabilitation, is considered Petitioner's custodian and is substituted as the proper respondent in this case, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254.

[4] The Court dismissed Petitioner's other two claims – a due process claim that the evidence was insufficient to support the parole denial, and an Eighth Amendment claim that his sentence was disproportionate to the crime – for failure to state federal constitutional claims. *See* Docket No. 7 at 2–4.

[5] On February 22, 2016, the Ninth Circuit found *inter alia* that Marsy's Law did not violate the Ex Post Facto Clause of the federal Constitution because the petition to advance process set forth in the California Penal Code, whereby an inmate can advance his parole suitability hearing, afforded relief from the classwide risk of lengthened incarceration posed by Marsy's Law. *Gilman v. Brown, et al.*, Nos. 14-15613 and 14-15680, slip op. at 18–29 (9th Cir. Feb. 22, 2016).

**II.     Analysis**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 71 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y*, 464 U.S. at 70; *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976); *NAACP, Western Region*, 743 F.2d at 1353. "'[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459, n. 10 (1974) (internal quotation marks omitted)). Neither party has briefed the issue of mootness in these proceedings, although Respondent raised the issue of mootness in a footnote in the motion to dismiss. *See* Docket No. 8 at 2 n. 2. However, the Court must consider jurisdictional issues even when they are not raised by the parties. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002).

Here, Petitioner was convicted in 1992 for second-degree murder and was sentenced to a term of nineteen-years-to-life in prison. *See* Pet. at 1. On March 1, 2015, the BPH granted Petitioner parole. *See* Docket No. 8 at 2 n. 2. On August 4, 2015, Petitioner was released from prison, and he is currently on parole. *See* Docket No. 11 at 3. The primary relief requested by Petitioner is a new parole hearing and release on parole.[6] *See* Pet. at 68. Petitioner has been released on parole and he remains on parole at the present time. There is no further relief that the Court can grant Petitioner, and this petition is therefore moot. *Cf. Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Accordingly, the instant

---

[6] Petitioner has additional requests in his prayer for relief, but the ultimate purposes of these requests are to secure his release on parole. Specifically, Petitioner requested that the Court issue an order to show cause; that the Court appoint counsel; that the Court issue an order allowing for expansion of the record as necessary; that the Court issue a briefing schedule; that the Court grant an evidentiary hearing for any unresolved factual or material issues; that the Court rule that there is no evidence supporting a finding of unsuitability for parole; that the Court order that Petitioner be granted a new parole hearing within sixty days of the Court's order; and that the Court declare Petitioner's rights in the new parole hearing. *See* Pet. at 68.

petition is therefore DISMISSED as moot.

### III. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

### CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DISMISSED as moot; Respondent's motion to dismiss the petition (Docket No. 8) is also DISMISSED as moot; and a certificate of appealability is DENIED. The Clerk is directed to substitute Scott Kernan, the Secretary of California's Department of Corrections and Rehabilitation, as the proper respondent in this case, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated: 3/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge